**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-150-DLH-CRH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ANSWER

Defendant United States of America submits the following answer to Plaintiff State of North Dakota's complaint, ECF No. 1:

## INTRODUCTION

1.      Paragraph 1 constitutes North Dakota's characterization of this case. It is therefore not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the complaint purports to state claims of public nuisance, negligence, gross negligence, and civil trespass stemming from alleged actions and inactions of the United States, by and through its executive agency, the United States Army Corps of Engineers ("USACE"). The United States further admits that North Dakota seeks damages in the amount of $38,005,071.66. The United States denies that it is liable for public nuisance, negligence, gross negligence, or civil trespass stemming from alleged actions and inactions of the United States, by and through USACE. The United States further denies that this case raises a claim for negligence in failing to adhere to

an assumed Good Samaritan duty. The Court dismissed North Dakota's negligence claim based on an assumed Good Samaritan duty in its August 19, 2020, order on the United States' motion to dismiss. ECF No. 38 at 32. The United States also denies this Court has jurisdiction under the Federal Tort Claims Act ("FTCA"). Finally, the United States denies that North Dakota is entitled to the damages claimed in the complaint. The United States denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who conducted an "illegal occupation of and trespass on" federal lands and engaged in "illegal" activity during a 233-day period. Paragraph 2 also contains the legal conclusion that USACE's conduct was "tortious." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties in Paragraph 2. The United States denies the allegation that USACE's conduct was tortious.

With respect the remaining allegations in the first sentence of Paragraph 2, the United States admits that, during the construction of the Dakota Access Pipeline ("DAPL"), some protestors engaged in protests on federal, state, and private land in North Dakota. The United States further admits that the initial confrontation between protestors, DAPL private security, and law enforcement occurred on August 10, 2016. The United States denies that the protestors' occupation of federal lands lasted until March 31, 2017. The United States denies the remaining allegations in the first sentence of Paragraph 2.

The United States denies the remaining allegations in the second sentence of Paragraph 2.

3.      Paragraph 3 contains the legal conclusion that an unstated number of unidentified third parties were "trespassers" at unspecified times. Paragraph 3 also contains a legal conclusion about USACE's "legal duty." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times. The United States denies that USACE assumed or failed to fulfill the legal duty asserted.

With respect to the remaining allegations in Paragraph 3, the United States admits that USACE and other federal agencies maintained an ongoing presence at and around federal land and reservation land during the period in which DAPL protests occurred. The United States further admits that USACE issued directives and made statements regarding the protests and protest camps during the period in which DAPL protests occurred. The United States denies the remaining allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions about USACE's "legal duty," USACE's "tortious conduct," and alleged "mandatory legal requirements" that apply to USACE. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in Paragraph 4.

5.      The second and third sentences of Paragraph 5 contain the legal conclusions that an unstated number of unidentified third parties on federal land were, at unspecified times,

"trespassers" who violated unidentified "federal law." The first and third sentences of Paragraph 5 contain the legal conclusion that USACE had "mandatory obligations" set forth in 36 C.F.R. Part 327. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the second and third sentences of Paragraph 5. The United States denies that USACE had "mandatory obligations" set forth in 36 C.F.R. Part 327 in the first and third sentences of Paragraph 5. The United States denies the remaining allegations in Paragraph 5.

6.     The first sentence of Paragraph 6 contains the legal conclusion that USACE's conduct was "tortious." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that USACE's conduct was "tortious." The United States denies the remaining allegations in the first sentence of Paragraph 6.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 6.

7.     Paragraph 7 contains the legal conclusions that an unstated number of unidentified third parties constituted "trespassers" at unspecified times, and that these third parties' unidentified activities and structures at unspecified times were "unlawful." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief

as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times. The United States denies the remaining allegations in Paragraph 7.

8.     Paragraph 8 contains the legal conclusions that encampments of "up to 8,000 people" at unspecified times were "illegal," "established by [unidentified] trespassers," and thus were "trespasser camps." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of unidentified third parties at unspecified times.

With respect to the remaining allegations in the first sentence of Paragraph 8, the United States admits that protestors established three main encampments located entirely or partially on USACE-managed federal property: Oceti Sakowin (Seven Council Fire), Sacred Stone, and Rosebud. The United States further admits that these three encampments were situated near the location where the DAPL would eventually cross under Lake Oahe and that the encampments were in the vicinity of the Cannonball River and Lake Oahe. The United States denies the remaining allegations in the first sentence of Paragraph 8.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 8.

9.     Paragraph 9 contains the legal conclusions that the encampments established by an unstated number of unidentified third-party "trespassers," and the resulting conditions were "unlawful," "illegal," and "violated federal and State law," all at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a

defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times.

With respect to the remaining allegations in Paragraph 9, the United States admits that some protestors left behind waste, garbage, and debris, and that North Dakota cleaned up some of the garbage and debris. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding any costs North Dakota incurred or the safety of any of the unidentified "occupiers." The United States denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 contains the legal conclusions that the encampments established by unidentified third parties were "unlawful" and that an unstated number of unidentified third parties were "trespassers" who engaged in "illegal" conduct and an "illegal[ ] occup[ation]" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 10.

With respect to the remaining allegations in the first sentence of Paragraph 10, the United States lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

With respect to the remaining allegations in the second sentence of Paragraph 10, the United States admits that the DAPL protests occurred on state land in addition to federal land. The

United States lacks knowledge or information sufficient to form a belief as to any damages incurred by North Dakota. The United States denies the remaining allegations in the second sentence of Paragraph 10.

11.     Paragraph 11 contains the legal conclusion that the eight-month occupation by an unstated number of unidentified third parties was "illegal." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties in Paragraph 11. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.     With respect to the first sentence of Paragraph 12, the United States admits that senior USACE officials issued directives and took other actions regarding the DAPL protestors. The United States denies the remaining allegations in the first sentence of Paragraph 12.

The second sentence of Paragraph 12 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers . . . illegally occupying federal lands," "violating federal . . . laws and regulations," and engaging in "illegal conduct," all at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the second sentence of

Paragraph 12. The United States denies the remaining allegations in the second sentence of Paragraph 12.

The third sentence of Paragraph 12 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" with "illegal encampments" who created "illegal roadblocks," engaged in "illegal butchering," and engaged in "illegal possession and killing of deer," all at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 12, all of which pertain to the conduct of an unstated number of unidentified third parties at unspecified times.

13.     Paragraph 13 contains the legal conclusion that unidentified third parties' unidentified conduct at unspecified times was "illegal." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified conduct of unidentified third parties at unspecified times in Paragraph 13. The United States denies the remaining allegations in Paragraph 13.

14.     The first sentence of Paragraph 14 contains the legal conclusion that USACE failed to fulfill its purported "legal obligations." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R.

Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies USACE failed to fulfill its "legal obligations." The United States denies the remaining allegations in the first sentence of Paragraph 14.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 14.

## IDENTITY OF PARTIES

15.    The United States admits the allegations in the first sentence of Paragraph 15.

To the extent the second sentence of Paragraph 15 alleges that the federal government "fail[ed]" to take some unspecified required action, that allegation is denied. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 15.

16.    The first and second sentences of Paragraph 16 consist entirely of legal conclusions. These are legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that USACE is a federal agency, and that certain USACE employees acted within the scope of their offices or employment in responding to the DAPL protests. The United States denies the remaining allegations in the first two sentences of Paragraph 16.

The third sentence of Paragraph 16 contains the legal conclusion that an unstated number of unidentified third parties "unlawfully" occupied federal lands at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P.

8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the third sentence of Paragraph 16. The United States admits the remaining allegations in the third sentence of Paragraph 16.

## JURISDICTION

17.      The United States admits the allegation in Paragraph 17 that North Dakota has asserted claims pursuant to the FTCA. The United States denies that this Court has jurisdiction under the FTCA. The United States further denies that it is liable under the FTCA.

18.      The United States admits the allegations in Paragraph 18.

## STATEMENT OF FACTS

### *The Dakota Access Pipeline Project Background*

19.      The United States admits the allegations in Paragraph 19.

20.      The United States admits only that the plotted route of the DAPL came within approximately a half mile of the boundaries of the Standing Rock Sioux Tribe ("SRST") Reservation, in the vicinity of the Cannonball River in North Dakota. The United States denies the remaining allegations in Paragraph 20.

21.      The United States admits the allegations in Paragraph 21.

22.      The United States admits the allegations in Paragraph 22.

23.      The United States admits the allegations in Paragraph 23.

24.      Paragraph 24 contains the legal conclusion that an unstated number of unidentified third parties "began unlawfully occupying and trespassing on USACE property" and "unlawfully interfer[ed] with . . . DAPL construction operations" "[a]round the same time" as unspecified

events in the lawsuit described in Paragraph 23. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties in the first sentence of Paragraph 24. The United States admits the allegations in the second sentence of Paragraph 24.

25.     The first sentence of Paragraph 25 contains the legal conclusion that an unstated number of unidentified third parties engaged in an "illegal occupation" at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 25.

With respect to the remaining allegations in the first sentence of Paragraph 25, the United States admits that legal processes in the lawsuit by SRST described in Paragraph 23, in which the Cheyenne River Sioux Tribe ("CRST") intervened, continued before the District Court for the District of Columbia for the entire period that DAPL protestors resided in encampments on federal, state, and private property. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 25.

The United States admits the allegations in the second sentence of Paragraph 25.

The third and fourth sentences of Paragraph 25 contain quotations from and a summary of a legal opinion. These sentences are, therefore, not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the allegations in the third and fourth sentences of Paragraph 25 contain accurate quotations from and an accurate summary of the cited legal opinion.

26.    The United States admits the allegations in Paragraph 26.

27.    Paragraph 27 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "illegal actions" and "were illegally trespassing on federal land" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 27. The United States denies the remaining allegations in Paragraph 27.

28.    With respect to the allegations in the first and second sentences of Paragraph 28, the United States admits that the United States Department of Justice, the United States Department of the Army, and the United States Department of the Interior issued a joint statement on September 9, 2016, and that the joint statement contains the quoted language. The United States denies that this statement was created in response to the cited September 6, 2016, court decision. The United States denies the remaining allegations in the first and second sentences of Paragraph 28.

The United States denies the allegations, including the characterizations of the September 9, 2016, joint statement, in the third sentence of Paragraph 28.

29.     The first sentence of Paragraph 29 consists of a quotation from and paraphrase of a September 13, 2016, statement by the Governor of North Dakota. This sentence is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits only that the Governor of North Dakota's September 13, 2016, statement contains the quoted language in the first sentence of Paragraph 29. The United States denies that the paraphrase of the Governor of North Dakota's September 13, 2016, statement in the first sentence of Paragraph 29 is accurate.

The second and third sentences of Paragraph 29 consists of a quotation from and paraphrase of a September 17, 2016, statement by SRST Chairman David Archambault II. These sentences are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits only that the SRST Chairman's September 17, 2016, statement contains the quoted language. The United States denies that the paraphrase of the SRST Chairman's September 17, 2016, statement is accurate.

*Trespassers' Activities*[1]

30.     The first and second sentences of Paragraph 30 consist entirely of legal conclusions about the rights protected by the United States Constitution and the North Dakota Constitution.

---

[1] To the extent this heading is construed as an allegation, it contains the legal conclusion that an unstated number of unidentified third parties were "trespassers" at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a

These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the allegations in the first and second sentences of Paragraph 30 accurately state some principles of law, but the United States denies that these allegations capture all of the relevant legal principles in this area.

The third sentence of Paragraph 30 contains the legal conclusions that unidentified third parties' encampments were "illegal" and unstated numbers of unidentified third parties engaged in "unlawful" conduct at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the third sentence of Paragraph 30. The United States denies the remaining allegations in the third sentence of Paragraph 30.

The United States denies the allegations in the fourth sentence of Paragraph 30.

31.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what unspecified "[i]nitial reports indicated" in Paragraph 31. The United States denies that protestors first began organizing on August 10, 2016. The United States admits the remaining allegations in Paragraph 31.

---

defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of any such allegation regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times.

32.     Paragraph 32 contains the legal conclusion that an unstated number of unidentified, allegedly "professional" protestors were "trespassers" at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, all of which pertain to unidentified, allegedly "professional" protestors' conduct and criminal histories.

33.     Paragraph 33 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" whose encampments were "unlawful" and who engaged in "unlawful conduct," all at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 33.

With respect to the remaining allegations in Paragraph 33, the United States admits that there were instances in which protestors gathered in protest encampments on federal, state, or private property; traveled to another location to engage in conduct with respect to which state and local law enforcement intervened; and then returned to their camps on federal, state, or private property. The United States denies the vague and subjective allegation that protestors used "federal lands as 'safe havens' for their unlawful conduct." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 33.

15

34.     Paragraph 34 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" whose encampments were "unlawful" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 34.

With respect to the remaining allegations in Paragraph 34, the United States admits that on certain occasions during the DAPL protests, protestors confronted DAPL private security on DAPL construction sites, including a confrontation on August 15, 2016. The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 34.

35.     Paragraph 35 contains the legal conclusion that two third parties who attached themselves to construction equipment on September 6, 2016, were "trespassers." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the legality of the conduct of the two third parties identified in Paragraph 35. The United States admits the remaining allegations in Paragraph 35.

36.     Paragraph 36 contains the legal conclusions that an unstated number of unidentified third parties involved in events on September 25, 2016, and other unspecified times, were

"trespassers" whose encampments were "unlawful" and "illegal[ ]" and who engaged in "illegal activities" and "vandali[sm]." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties in Paragraph 36.

With respect to the remaining allegations in Paragraph 36, the United States admits that, on certain occasions during the DAPL protests, a small number of protestors attached themselves to construction equipment. The United States denies the vague and subjective allegations that protestors "apparently" used "federal lands as a safe haven." The United States further denies that protestors' encampments on federal lands were "due to the failure of the USACE to enforce the law." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36.

### *The United States of America's Failures to Enforce the Law and Protect Public Health, Safety, and the Environment[2]*

37.     Paragraph 37 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "unlawful … conduct" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information

---

[2] To the extent this heading is construed as an allegation, the United States denies the allegations in this heading.

sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated

number of unidentified third parties at unspecified times in Paragraph 37. The United States denies

the remaining allegations in Paragraph 37.

38.     With respect to the first sentence of Paragraph 38, the United States admits that the

DAPL crossed underneath Lake Oahe, which is project land managed by USACE, for a distance

of approximately one mile. The United States denies the remaining allegations in the first sentence

of Paragraph 38.

The second sentence of Paragraph 38 contains the legal conclusion that USACE has certain

"mandatory legal duties." This legal conclusion is not an "allegation[ ] asserted against [a

defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P.

8(b)(1)(B). To the extent a response is required, the United States denies that USACE has

"mandatory" legal duties as described in the second sentence of Paragraph 38. The United States

denies the remaining allegations in the second sentence of Paragraph 38.

39.     Paragraph 39 contains the legal conclusion that USACE has certain "mandatory

duties" outlined in the cited provisions. This legal conclusion is not an "allegation[ ] asserted

against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R.

Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that USACE has

"mandatory duties" set forth in the cited provisions. The United States denies the remaining

allegations in Paragraph 39.

40.     The first sentence of Paragraph 40 consists of a characterization of and a quotation

from a USACE regulation. This sentence is not an "allegation[ ] asserted against [a defendant] by

an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the

extent a response is required, the United States admits only that the cited regulation contains the quoted language. The United States otherwise denies the first sentence of Paragraph 40.

The second sentence of Paragraph 40 contains the legal conclusions that an unstated number of unidentified third parties "unlawfully" occupied federal lands at unspecified times and engaged in unspecified "unlawful activities" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the second sentence of Paragraph 40. The United States denies the remaining allegations in the second sentence of Paragraph 40.

41.     Paragraph 41 consists of legal conclusions regarding the alleged requirements of USACE regulations and implementing guidance. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in the first sentence of Paragraph 41, which characterize what the cited regulations and guidance allegedly "mandate." With respect to the second, third, and fourth sentences of Paragraph 41, the United States admits that the regulations and implementing guidance contain the quoted language.  The United Stated denies the remaining allegations in the second, third, and fourth sentences of Paragraph 41, including the characterizations of the regulations and implementing guidance.

42.     Paragraph 42 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who built "illegal . . . encampments" and engaged in "illegal protests," "illegal conduct," and "unlawful conduct," all at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 42.

With respect to the remaining allegations in the first sentence of Paragraph 42, the United States denies that USACE was "required" to issue a permit. The United States admits the remaining allegations in the first sentence of Paragraph 42.

The United States denies the remaining allegations in the second and third sentences of Paragraph 42.

43.     Paragraph 43 consists of legal conclusions regarding the alleged requirements of USACE regulations and implementing guidance. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, with respect to the first, second, and third sentences of Paragraph 43, the United States admits only that the regulations and implementing guidance contain the quoted language. The United Stated denies the remaining allegations in the first, second, and third sentences of Paragraph 43, including the characterizations of the regulations and implementing guidance. The United States denies the allegations in the

fourth sentence of Paragraph 43, including the allegation that USACE failed to fulfill a "mandatory duty."

44.     The first sentence of Paragraph 44 contains a quotation from the implementing guidance for a USACE regulation. This sentence is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the cited implementing guidance contains the quotation in the first sentence of Paragraph 44.

The second sentence of Paragraph 44 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "unlawful conduct" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the second sentence of Paragraph 44. The United States denies the remaining allegations in the second sentence of Paragraph 44.

45.     The first sentence of Paragraph 45 contains a purported quotation from the implementing guidance for a USACE regulation. This sentence is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that the quotation in the first sentence of Paragraph 45 is contained in the cited portion of the implementing guidance.

The United States denies the allegations in the second sentence of Paragraph 45.

46.     The first sentence of Paragraph 46 contains the legal conclusions that between August 2016 and March 2017, an unstated number of unidentified third parties were "trespassers" who engaged in "illegal activities," engaged in an "illegal" and "unlawful" occupation, and "were violating public health and environmental laws." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties in the first sentence of Paragraph 46. The United States denies the remaining allegations in the first sentence of Paragraph 46.

With respect to the second sentence of Paragraph 46, the United States admits that SRST leaders corresponded with USACE on the topic of a special use permit during the DAPL protests, and that USACE is aware of its duties under 36 C.F.R. Part 327 and its implementing guidance. The United States denies the remaining allegations in the second sentence of Paragraph 46.

With respect to the third sentence of Paragraph 46, the United States denies that USACE was required by law to issue a permit to Tribe leaders during the DAPL protests. The United States otherwise admits the allegations in the third sentence of Paragraph 46.

47.     The first sentence of Paragraph 47 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "unlawful" activities at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks

knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the first sentence of Paragraph 47. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 47 regarding unnamed "intelligence reports."

The United States denies the allegations in the second sentence of Paragraph 47.

48.     The United States admits the allegations in Paragraph 48.

49.     With respect to the first sentence in Paragraph 49, the United States admits that on September 16, 2016, USACE provided the form for a special use permit to SRST relating to the use of USACE-managed federal land south of the Cannonball River, thereby offering SRST a special use permit that could be executed only by the signature of both parties after SRST complied with all prerequisite requirements. The United States further admits that USACE issued a press release on September 16, 2016. The United States denies the remaining allegations in the first sentence of Paragraph 49, including that the September 16, 2016, press release was misleading and false.

The United States admits the allegations in the second sentence of Paragraph 49.

50.     Paragraph 50 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who violated "mandatory legal requirements" at unidentified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or

information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unidentified times in Paragraph 50.

The remaining allegations in the first and second sentences of Paragraph 50 consist of quotations from and paraphrases of a purported October 26, 2016, email from a USACE employee. These sentences are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 50.

The United States denies the remaining allegations in the third sentence of Paragraph 50.

51.    The first and fourth sentences of Paragraph 51 contain the legal conclusions that an unstated number of unidentified third parties at unspecified times were "trespassers" or "unlawful trespassers," that "applicable law mandated that the trespassers have a permit," and that the Sacred Stone Camp was "unlawfully established" by LaDonna Brave Bull Allard. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times and the legality of Ms. Brave Bull Allard's camp establishment in the first and fourth sentences of Paragraph 51.

With respect to the remaining allegations in the first sentence of Paragraph 51, the United States admits that Ms. Brave Bull Allard approached the Commander of the Omaha District at a meeting on or about October 7, 2016, seeking a special use permit related to the Sacred Stone

Camp located partially on USACE property and partially on property within the SRST reservation that Ms. Brave Bull Allard claimed to own. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 51 regarding Ms. Brave Bull Allard's status as "historian of the Standing Rock Sioux" and whether she was in fact "the property owner of adjacent lands." The United States denies the remaining allegations in the first sentence of Paragraph 51.

With respect to the second sentence of Paragraph 51, the United States admits that Ms. Brave Bull Allard approached the Commander of the Omaha District at a meeting on or about October 7, 2016, and made an oral request for a special use permit. The United States denies the remaining allegations in the second sentence of Paragraph 51.

With respect to the remaining allegations in the third and fourth sentences of Paragraph 51, the United States admits that SRST never obtained a bond and that USACE never issued a permit to Ms. Brave Bull Allard or SRST. The United States denies the remaining allegations in the third and fourth sentences of Paragraph 51.

52.     The first and third sentences of Paragraph 52 contain the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "unlawful activity" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the first and third sentences of Paragraph 52.

The United States denies the remaining allegations in the first sentence of Paragraph 52.

With respect to the allegations in the second sentence of Paragraph 52, the United States admits only that certain USACE employees were involved in a number of meetings with State and local law enforcement regarding the protests. The United States denies the remaining allegations in the second sentence of Paragraph 52.

The United States objects to the remaining allegations in the third sentence of Paragraph 52 on the basis of attorney-client privilege and work product protection and states that the cited email was inadvertently produced to North Dakota in response to a FOIA request. To the extent a response is required, and without waiving any privilege or protection, the United States denies that the third sentence of Paragraph 52 accurately quotes from and characterizes the cited email.

53.     The first, third, fourth, and fifth sentences of Paragraph 53 contain the legal conclusions that an unstated number of unidentified third parties were "trespassers" who, beginning on November 1, 2016, built an "illegal" bridge, set up additional "unlawful encampments," and engaged in unspecified "unlawful protest activities." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties in the first, third, fourth, and fifth sentences of Paragraph 53.

The second, third, and fourth sentences of Paragraph 53 contain quotations from a November 1, 2016, letter from USACE Colonel John Henderson to Morton County Sheriff Kyle Kirchmeier. These quotations are not "allegations asserted against [a defendant] by an opposing

26

party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the November 1, 2016, letter contains the quoted language.

With respect to the remaining allegations in the first sentence of Paragraph 53, the United States admits that on or about November 1, 2016, protestors began using boats and constructed a wooden bridge to cross the Cantapeta Creek in order to access the DAPL drill pad on private property located west of Lake Oahe. The United Stated denies the remaining allegations in the first sentence of Paragraph 53.

The United States admits the remaining allegations in the second sentence of Paragraph 53.

With respect to the remaining allegations in the third sentence of Paragraph 53, the United States denies that Colonel Henderson's November 1, 2016, letter constituted the first request by USACE for North Dakota law enforcement assistance. The United States admits the remaining allegations in the third sentence of Paragraph 53.

With respect to the fourth sentence of Paragraph 53, the United States denies that the November 1, 2016, letter noted that it was limiting its request to the area north of the Cantapeta Creek. The November 1, 2016, letter instead noted that it was limiting its request to the area north of the Cannonball River. The United States denies the remaining allegations, including characterizations of the November 1, 2016, letter, in the fourth sentence of Paragraph 53.

The United States denies the remaining allegations, including characterizations of the November 1, 2016, letter, in the fifth sentence of Paragraph 53.

The United States denies the allegations in the sixth sentence of Paragraph 53.

54.     The United States denies the allegations in the first sentence of Paragraph 54.

With respect to the second sentence of Paragraph 54, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the parcel of land where USACE indicated that it wanted to allow a Prayer Event in mid-November 2016 was "tactically sensitive." The United States admits the remaining allegations in the second sentence of Paragraph 54.

The United States admits the allegations in the third sentence of Paragraph 54.

With respect to the fourth sentence of Paragraph 54, the United States denies that USACE stated that USACE would go forward with the Prayer Event in mid-November 2016. The United States admits that USACE stated that it would allow the mid-November 2016 Prayer Event to go forward.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 54.

55.     With respect to the first sentence of Paragraph 55, the United States admits only that on November 25, 2016, Colonel Henderson sent a letter to Sheriff Kirchmeier, following up on a discussion on November 21, 2016, that rescinded USACE's November 1, 2016, request for North Dakota law enforcement assistance in the area north of the Cannonball River. The United States denies the remaining allegations in the first sentence of Paragraph 55.

The United States denies the allegations in the second sentence of Paragraph 55.

The third sentence of Paragraph 55 contains a quotation from the November 25, 2016, letter from Colonel Henderson to Sheriff Kirchmeier. This quotation is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R.

Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the November 25, 2016, letter to Sheriff Kirchmeier contains the quoted language. The United States admits the remaining allegations in the third sentence of Paragraph 55.

The United States denies the allegations, including the characterizations of the November 25, 2016, letter to Sheriff Kirchmeier, in the fourth sentence of Paragraph 55.

56.     The first sentence of Paragraph 56 contains the legal conclusion that unidentified protest activity was "illegal." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the legality of the unidentified protest activity in the first sentence of Paragraph 56.

With respect to the remaining allegations in the first sentence of Paragraph 56, the United States denies that the November 25, 2016, letter from Colonel Henderson to SRST Chairman Dave Archambault II stated that USACE was closing the specified lands to "trespassers" pursuant to 36 C.F.R. § 327.12. Rather, the November 25, 2016, letter from Colonel Henderson to SRST Chairman Dave Archambault II stated that USACE was closing the specified lands to "all public use and access" pursuant to 36 C.F.R. § 327.12. The United States admits the remaining allegations in the first sentence of Paragraph 56.

The second, third, fourth, and fifth sentences of Paragraph 56 contain quotations from the November 25, 2016, letter from Colonel Henderson to SRST Chairman Archambault II. These quotations are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required,

the United States admits only that the November 25, 2016, letter to SRST Chairman Archambault II contains the quoted language. The United States denies the remaining allegations, including the characterizations of the November 25, 2016, letter to SRST Chairman Archambault II, in the second, third, fourth, and fifth sentences of Paragraph 56.

57.     The first and second sentences of Paragraph 57 contain the legal conclusions that an unstated number of unidentified third parties engaged in "trespassing," an "illegal occupation of federal lands," and "unlawful conduct." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties in the first and second sentences of Paragraph 57. The United States denies the remaining allegations in the first and second sentences of Paragraph 57.

The third sentence of Paragraph 57 contains a quotation from a November 27, 2016, press release issued by USACE. This quotation is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits that the November 27, 2016, USACE press release contains the quoted language. The United States denies the remaining allegations in Paragraph 57, including the allegations regarding what the November 27, 2016, press release reaffirmed.

58.     The United States denies the allegations in the first sentence of Paragraph 58.

30

With respect to the second sentence of Paragraph 58, the United States admits that the November 25, 2016, letter to SRST Chairman Archambault II suggested that the area south of the Cannonball River was better suited to the provision of health, police, and fire services.

The third sentence of Paragraph 58 contains the legal conclusions that an unstated number of unidentified third parties engaged in "unlawful" actions at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the third sentence of Paragraph 58. The United States denies the remaining allegations in the third sentence of Paragraph 58.

59.     The first and second sentences of Paragraph 59 contain the legal conclusions that USACE established a "free speech zone" that did not comply with 36 C.F.R. Part 327 and its implementing guidance, and that USACE thus invited "trespassing" on federal property. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in the first and second sentences of Paragraph 59 that USACE established a "free speech zone" that did not comply with 36 C.F.R. Part 327 and its implementing guidance, and that USACE thus invited "trespassing" on federal property.

The United States denies the remaining allegations in the first sentence of Paragraph 59.

31

The United States admits the remaining allegations in the second sentence of Paragraph 59.

The third sentence of Paragraph 59 contains the legal conclusions that an unstated number of unidentified third parties engaged in "illegal activities," including "nuisances," at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the third sentence of Paragraph 59.

With respect to the remaining allegations in the third sentence of Paragraph 59, the United States admits that some protestors south of the Cannonball River resided on the land, erected structures and residences, dug trenches, and created debris and waste that were later remediated or removed. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding third-party conduct in the third sentence of Paragraph 59.

60.     The first and second sentences of Paragraph 60 contain legal conclusions that USACE established an "unlawful … free speech zone" and "unlawfully … invit[ed] illegal activity to the area," and that an unstated number of unidentified third parties at unspecified times were "trespassers" engaging in "illegal activity," "unlawful protest activity," and "illegal[ ] trespassing on federal and State land." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P.

8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times in the first and second sentences of Paragraph 60. The United States denies that USACE established an "unlawful … free speech zone" and "unlawfully … invit[ed] illegal activity to the area." The United States denies the remaining allegations in the first and second sentences of Paragraph 60.

The third sentence of Paragraph 60 contains a quotation from the November 25, 2016, letter from Colonel Henderson to SRST Chairman Archambault II. This quotation is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits only that in the November 25, 2016, letter to SRST Chairman Archambault II, Colonel Henderson "ask[ed] [SRST Chairman Archambault II], as a Tribal leader, to encourage members of [his] Tribe, as well as any non-members who support [him] who are located in the encampments north of the Cannonball River on Corps' lands to immediately and peacefully move to the free speech zone south of the Cannonball River or to a more sustainable location for the winter." The United States denies the remaining allegations in the third sentence of Paragraph 60.

61.     The United States denies the allegations in the first sentence of Paragraph 61.

The second sentence of Paragraph 61 contains a quotation from the November 27, 2016, USACE press release also discussed in Paragraph 57. This quotation is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits only that the November 27, 2016, USACE press release contains the quoted language. The United States

denies the remaining allegations in the second sentence of Paragraph 61, including the characterizations of the November 27, 2016, press release.

The United States admits the allegations in the third sentence of Paragraph 61.

The United States denies the allegations in the fourth sentence of Paragraph 61.

The fifth and sixth sentences of Paragraph 61 contain a quotation from and paraphrase of a set of USACE talking points dated November 29, 2016. This quotation and paraphrase is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits only that the November 29, 2016, talking points contain the quoted language. The United States denies the remaining allegations in the fifth and sixth sentences of Paragraph 61, including the characterizations of the November 29, 2016, talking points.

62.     The first, second, third, and fourth sentences of Paragraph 62 contain legal conclusions that an unstated number of unidentified third parties at unspecified times were "trespassers" who engaged in "unlawful occupation," "unlawful activities," and "illegal activities" in an "unlawfully authorized and unpermitted 'free speech zone'" and other areas. The fourth sentence of Paragraph 62 also contains the legal conclusion that USACE had "mandatory duties under the applicable regulations against the unlawful occupation of trespassers." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in the first, second, third, and fourth sentences of Paragraph 62. The United States denies

that USACE had "mandatory duties under the applicable regulations against the unlawful occupation of trespassers." The United States denies the remaining allegations in the first, second, third, and fourth sentences of Paragraph 62.

The United States denies the allegations in the fifth sentence of Paragraph 62.

With respect to the sixth sentence of Paragraph 62, the United States admits that state and local law enforcement complained about protestors' encampments at certain times during the DAPL protests, and that state and local law enforcement requested federal law enforcement assistance at certain times during the DAPL protests. The United States denies the remaining allegations in the sixth sentence of Paragraph 62.

### The Trespassers' Violent Tactics and the Need for a Law Enforcement Response[3]

63.     The first sentence of Paragraph 63 contains the legal conclusions that unidentified "illegal encampments grew in size" at unspecified times, and that an unstated number of unidentified third parties engaged in "illegal activity." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of an unstated number of unidentified

---

[3] To the extent this heading is construed as an allegation, it contains a legal conclusion that an unstated number of unidentified third parties were "trespassers" at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of any such allegation regarding the legality of the conduct of an unstated number of unidentified third parties at unspecified times and regarding the necessary law enforcement response to that conduct.

third parties at unspecified times in the first sentence of Paragraph 63. The United States denies the remaining allegations in the first sentence of Paragraph 63.

The United States denies the allegations in the second sentence of Paragraph 63.

64.     Paragraph 64 contains the legal conclusion that an unstated number of unidentified "trespassers" were "based out of … illegal camps" or "unlawful encampments" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of an unstated number of unidentified third parties at unspecified times in Paragraph 64.

With respect to the remaining allegations in the first sentence of Paragraph 64, the United States admits only that from the beginning of the DAPL protests, North Dakota law enforcement officers and state and local officials attempted to contain the protestors' encampments. The United States denies the remaining allegations in the first sentence of Paragraph 64.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 64.

65.     With respect to the first sentence of Paragraph 65, the United States admits that North Dakota law enforcement confronted protestors on October 27, 2016. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 65.

The second sentence of Paragraph 64 contains the legal conclusion that third parties allegedly removed from private land on October 27, 2016, were "trespassers." This legal

conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of any third parties removed from private land on October 27, 2016. With respect to the remaining allegations in the second sentence of Paragraph 65, the United States admits that protestors created a roadblock on North Dakota Highway 1806 on October 27, 2016. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 65.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 65.

66.    Paragraph 66 contains the legal conclusion that third parties who allegedly chained themselves to a vehicle on October 27, 2016, were "trespassers." This legal conclusion is not "an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of any third parties who chained themselves to a vehicle on October 27, 2016. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.    Paragraph 67 contains the legal conclusion that third parties who engaged in alleged tactics "[c]oncurrent with the October 27 event" were "trespassers." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States

lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of any third parties who engaged in the alleged tactics concurrent with any event on October 27, 2016. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 70.

As to the allegations in the third sentence of Paragraph 70, the United States admits that local law enforcement closed the Backwater Bridge on North Dakota Highway 1806. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 70.

The fourth sentence of Paragraph 70 contains the legal conclusion that third parties who initiated alleged events on October 27, 2016, were "primarily" protestors from "illegal camps." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the camps inhabited by any third parties who initiated the alleged events on October 27, 2016, in the fourth sentence of Paragraph 70. The United States denies the vague and subjective allegation in the fourth sentence of Paragraph 70 that

protestors had "'safe haven' … camps on federal property that was the responsibility of USACE." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in the fourth sentence of Paragraph 70.

71.     The first and second sentences of Paragraph 71 contain legal conclusions that the unidentified third parties who engaged in the conduct alleged in Paragraph 71 were "[t]respassers" who conducted "unlawful actions" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of unidentified third parties at unspecified times in the first and second sentences of Paragraph 71.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71.

72.     Paragraph 72 contains the legal conclusion that 300 third parties involved in alleged events on November 15, 2016, were "primarily" from "illegal camps." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the camps inhabited by any third parties involved in the alleged events on November 15, 2016.

With respect to the remaining allegations in Paragraph 72, the United States denies the vague and subjective allegation that protestors had "'safe haven' . . . camps on federal property

that was the responsibility of USACE." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 72.

73.    Paragraph 73 contains the legal conclusion that third parties involved in the November 24, 2016, Thanksgiving Day protests came "primarily" from "illegal camps." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the camps inhabited by any third parties involved in the protest events on November 24, 2016.

With respect to the remaining allegations in Paragraph 73, the United States admits that on November 24, 2016, protestors held three protests in three different locations: the Backwater Bridge, Turtle Hill, and Mandan, North Dakota. The United States denies the vague and subjective allegation that protestors had "'safe haven' . . . camps on federal property that was the responsibility of USACE." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 73.

74.    Paragraph 74 contains the legal conclusion that the third parties involved in alleged events on November 25, 2016, were "primarily" from "illegal camps." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the camps inhabited by any third parties involved in the alleged events on November 25, 2016.

With respect to the remaining allegations in Paragraph 74, the United States denies the vague and subjective allegation that protestors had "'safe haven' . . . camps on federal property that was the responsibility of USACE." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 74.

75.     Paragraph 75 contains the legal conclusion that an unstated number of unidentified third parties were "trespassers" based in "illegal . . . camps" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct by an unstated number of unidentified third parties at unspecified times in Paragraph 75.

With respect to the remaining allegations in Paragraph 75, the United States denies that the intensity of confrontations between protestors and law enforcement grew throughout the fall and early winter of 2016. The United States further denies the vague and subjective allegation that protestors had "safe haven camps on federal property." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 75.

76.     Paragraph 76 contains the legal conclusion that 75 third parties on horseback who allegedly invaded a private farm on an unidentified date were "primarily" from "illegal . . . camps." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the

truth of the allegations regarding the legality of the camps inhabited by any third parties involved in the alleged invasion of a private farm.

With respect to the remaining allegations in Paragraph 76, the United States denies the vague and subjective allegation that protestors had "'safe haven' . . . camps on federal property that was the responsibility of USACE." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 76.

### *Further Detail on North Dakota's Response*

77.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in the first, second, and third sentences of Paragraph 77.

The fourth sentence of Paragraph 77 contains the legal conclusions that an unstated number of unidentified third parties "engaged in unlawful . . . conduct" and had "illegal camps" at unspecified times, and that USACE had a "legal responsibility to enforce mandatory permitting and other legal requirements." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality and nature of an unstated number of unidentified third parties' encampments and conduct at unspecified times. The United States denies that it had a legal responsibility to enforce "mandatory permitting" and other "legal requirements."

With respect to the remaining allegations in the fourth sentence of Paragraph 77, the United States denies the vague and subjective allegation that protestors used "camps on federal property

as their safe haven and center of operations." The United States denies the remaining allegations in the fourth sentence of Paragraph 77.

78.     The first sentence of Paragraph 78 contains the legal conclusions that an unstated number of unidentified third parties had "illegal encampments on federal land" and were "trespassers" at unspecified times. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct at unspecified times in the first sentence of Paragraph 78.

With respect to the remaining allegations in the first sentence of Paragraph 78, the United States admits only that local law enforcement and other local emergency response officials had the jurisdiction and responsibility to keep the peace and protect public safety during the DAPL protests. The United States denies the remaining allegations in the first sentence of Paragraph 78.

The United States lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 78.

With respect to the third sentence of Paragraph 78, the United States admits that North Dakota's law enforcement agencies, State's Attorneys' Offices, ambulance services, fire departments, and emergency management agencies provided support in responding to the DAPL protests. The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in the third sentence of Paragraph 78.

79.     The United States admits the allegations in Paragraph 79.

80.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 80.

81.     The United States admits the allegations in Paragraph 81.

82.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 82.

The fourth sentence of Paragraph 82 contains the legal conclusion that an unstated number of unidentified third parties engaged in "unlawful … activities" at unspecified times. This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct at unspecified times in the fourth sentence of Paragraph 82. The United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 82.

83.     With respect to Paragraph 83, the United States admits only that during the six-month DAPL protest period, various officials issued a variety of declarations and orders in addition to the lawful deployment of law enforcement and first responder resources. The United States denies the characterizations of the DAPL protest in the remainder of Paragraph 83.

84.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84.

85.     The United States admits the allegations in Paragraph 85.

86.     The United States admits the allegation in Paragraph 86 that Governor Dalrymple issued Executive Order 2016-04 on August 19, 2016, declaring a state of emergency. The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 86.

### USACE Confirms the Responsibility it Undertook by Belatedly Taking Some Action as the Protests Wind Down[4]

87.     Paragraph 87 contains the legal conclusion that an unstated number of unidentified third parties had "illegal encampments on federal land" at the time of the January 20, 2017, SRST Council Resolution. This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments. The United States admits the remaining allegations in Paragraph 87.

88.     Paragraph 88 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who had "unlawful encampments" and an "ongoing illegal occupation of federal lands," and who engaged in "unlawful conduct," all at unspecified times. Paragraph 88 contains the additional legal conclusions that USACE had a "legal duty to prevent unlawful encampments on federal land," and allowed for "violation of applicable federal regulations." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form

---

[4] To the extent this heading is construed as an allegation, the United States denies the allegations in this heading.

a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct at unspecified times. The United States denies that USACE had a legal duty to prevent unlawful encampments on federal land, and further denies that USACE allowed for violation of applicable federal regulations. The United States denies the remaining allegations in Paragraph 88.

89.     With respect to the first sentence of Paragraph 89, the United States admits only that USACE reaffirmed on a number of occasions its intention to move DAPL protestors' encampments off of federal property. The United States denies the remaining allegations in the first sentence of Paragraph 89.

The second sentence of Paragraph 89 contains the legal conclusions that an unstated number of unidentified third parties purportedly using dump trucks to carry fill material on January 27, 2017, were "trespassers" who had "illegal camps." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct in the second sentence of Paragraph 89.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations about a purported January 24, 2017, communication in the second and third sentences of Paragraph 89.

90.     Paragraph 90 contains the legal conclusions that an unstated number of unidentified third parties purportedly engaged in "unlawful activities" from "illegal encampments" in the

months preceding February 3, 2017. These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct.

With respect to the remaining allegations in Paragraph 90, the United States admits that Colonel Henderson issued a letter to SRST Chairman Archambault II, as well as letters to other Tribal Chairmen within the Great Plains Tribal Chairmen Association, on February 3, 2017, and that USACE took action to have protestors vacate encampments in February 2017. The United States denies the remaining allegations in Paragraph 90, including the characterizations of the February 22, 2017, letter, the allegation that USACE did not begin taking action to clear encampments until February 2017, and the allegation that USACE encouraged or ignored encampments or unlawful activities.

91.     The United States admits only that the letter that Colonel Henderson issued to SRST Chairman Archambault II on February 3, 2017, contains the quoted language. The United States denies the remaining allegations in Paragraph 91, including the characterizations of the February 3, 2017, letter.

92.     Paragraph 92 contains the legal conclusion that an unstated number of unidentified third parties in an unidentified "area" on February 23, 2017, were "trespassers." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P.

8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct in an unidentified area on February 23, 2017. The United States denies the remaining allegations in Paragraph 92.

93.     The first, second, fifth, sixth, seventh, and eighth sentences of Paragraph 93 contains the legal conclusions that an unstated number of unidentified third parties were "trespassers" who engaged in "illegal activity" in February 2017, including inhabiting "illegal encampments" and blocking the entrance to an "illegal camp." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct in the first, second, fifth, sixth, seventh, and eighth sentences of Paragraph 93.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 93.

With respect to the remaining allegations in the second sentence in Paragraph 93, the United States admits that protestors set approximately 20 fires when the Seven Councils, Rosebud, and Sacred Stone encampments were vacated on February 22, 2017. The United States denies the remaining allegations in the second sentence of Paragraph 93, including the allegation that protestors refused access to clean-up crews on February 22, 2017.

The United States admits the allegations in the third sentence of Paragraph 93.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 93.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fifth, sixth, and seventh sentences of Paragraph 93.

The United States admits the remaining allegations in the eighth sentence of Paragraph 93.

94.     The first and third sentences of Paragraph 94 contains the legal conclusions that 47 unidentified third parties who allegedly refused to disperse on February 23, 2017, were "trespassers," and that unidentified protestor camps were "illegal." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of the conduct of 47 unidentified third parties and the legality of the unidentified camps in the first and third sentences of Paragraph 94.

With respect to the remaining allegations in the first sentence of Paragraph 94, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the 47 arrests purportedly made on February 23, 2017, by North Dakota law enforcement. The United States denies the remaining allegations in the first sentence of Paragraph 94.

The United States denies the allegations in the second sentence of Paragraph 94.

With respect to the remaining allegations in the third sentence of Paragraph 94, the United States admits that clean up of the protestors' encampments was completed on March 9, 2017, and

that USACE and its contractor Trinity participated in the clean-up efforts. The United States denies the remaining allegations in the third sentence of Paragraph 94.

95.     Paragraph 95 contains the legal conclusions that an unstated number of unidentified third parties engaged in an "illegal . . . occupation" of federal lands, resided in "illegal camps," and engaged in "illegal . . . activity," all at unspecified times. Paragraph 95 also contains the legal conclusions that USACE had "legal obligations" to "enforce[ ] mandatory federal legal requirements." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' encampments and conduct at unspecified times in Paragraph 95. The United States denies that USACE had legal obligations to enforce purported "mandatory federal legal requirements" with respect to the DAPL protests. The United States denies the vague and subjective allegation that protestors resided in "safe haven camps." The United States denies the remaining allegations in Paragraph 95.

96.     Paragraph 96 contains the legal conclusion that an unstated number of unidentified third parties at unspecified times were "trespassers." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties'

conduct at unspecified times in Paragraph 96. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96.

97.     The United States admits the allegations in the first sentence of Paragraph 97. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 97.

98.     Paragraph 98 contains the legal conclusion that USACE failed to fulfill "mandatory duties under its own regulations." This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that USACE failed to fulfill "mandatory duties under its own regulations." The United States denies the remaining allegations in Paragraph 98.

### Resources Deployed by North Dakota

99.     The first and third sentences of Paragraph 99 contains the legal conclusions that an unstated number of unidentified third parties at unspecified times engaged in "illegal activity on USACE lands," "unlawful activities," and "unlawful conduct." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties unspecified conduct at unspecified times in the first and third sentences of Paragraph 99.

The United States denies the remaining allegations in the first sentence of Paragraph 99.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 99.

100.    With respect to the allegations in the first sentence of Paragraph 100, the United States admits that volunteers respond to natural and man-made emergencies and provide support to both responders and survivors. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 100.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 100.

101.    The first sentence of Paragraph 101 contains the legal conclusion that an unstated number of unidentified third parties at unspecified times engaged in "unlawful activities." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' unspecified conduct at unspecified times in the first sentence of Paragraph 101. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 101.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 101.

102.    The first sentence of Paragraph 102 contains the legal conclusion that USACE tolerated unspecified "illegal encampments" at unspecified times. This legal conclusion is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial

is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegation that it tolerated unspecified illegal encampments at unspecified times in the first sentence of Paragraph 102. The United States denies the remaining allegations in the first sentence of Paragraph 102.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 102.

103.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.    The United States admits the allegations in Paragraph 104.

105.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    The United States admits the allegations in the first sentence of Paragraph 106.

The second sentence of Paragraph 106 contains the legal conclusion that an unstated number of unidentified third parties at unspecified times engaged in an "illegal occupation." This legal conclusion regarding the conduct of third parties is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the legality of an unstated number of unidentified third parties' occupation at unspecified times in the second sentence of Paragraph 106. The United States denies the remaining allegations in the second sentence of Paragraph 106.

The United States admits the allegations in the third sentence of Paragraph 106.

The United States denies the allegations in the fourth sentence of Paragraph 106.

## SUM CERTAIN

107.    The United States admits only that North Dakota is requesting $38,005,071.66 in damages in this case. The United Sates denies that North Dakota is entitled to any damages in this case. The United States denies the remaining allegations in Paragraph 107.

## CLAIM ONE – PUBLIC NUSIANCE

108.    Paragraph 108 incorporates by reference all preceding allegations in North Dakota's complaint. It is therefore not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States reasserts its answers to all preceding paragraphs.

109.    Paragraph 109 consists of a legal conclusion that is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States admits the allegations in Paragraph 109.

110.    Paragraph 110 contains legal conclusions regarding alleged "illegal encampments" and "unlawful activities" by an unstated number of unidentified third parties at unspecified times, as well as a legal conclusion about USACE's alleged "mandatory duty to issue proper use permits to protestors." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct in Paragraph 110. The United States denies that USACE had a "mandatory

duty to issue proper use permits to protestors." The United States denies the remaining allegations in Paragraph 110.

111.   Paragraph 111 consists of a legal conclusion that is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in Paragraph 111.

112.   Paragraph 112 consists of a legal conclusion that is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in Paragraph 112.

113.   Paragraph 113 contains a legal conclusion that USACE's conduct led to a "nuisance," which is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that USACE's conduct led to a nuisance. The United States denies the remaining allegations in Paragraph 113.

114.   Paragraph 114 contains a legal conclusion that the United States caused a "public nuisance," which is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that it caused a public nuisance. The United States denies the remaining allegations in Paragraph 114.

## CLAIM TWO – NEGLIGENCE

115.    Paragraph 115 incorporates by reference all preceding allegations in North Dakota's complaint. It is therefore not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States reasserts its answers to all preceding paragraphs.

116.    Paragraph 116 consists of a legal conclusion that is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in Paragraph 116.

117.    Paragraph 117 contains legal conclusions that an unstated number of unidentified third parties at unspecified times were "trespassers" who violated "federal law," as well as a legal conclusion about USACE's alleged negligent breach of duty under the regulations and implementing guidance. These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct at unspecified times in Paragraph 117. The United States denies that USACE negligently breached its duties under the regulations and implementing guidance. The United States denies the remaining allegations in Paragraph 117.

118.    Paragraph 118 contains the legal conclusion that USACE failed "to fulfill its duties under the law," which is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is

required, the United States denies that USACE failed to fulfill its duties under the law. The United States denies the remaining allegations in Paragraph 118.

## CLAIM THREE – NEGLIGENCE (GOOD SAMARITAN)

119.    Paragraph 119 relates to a claim dismissed by the Court. *See* ECF No. 38 at 32. As such, no answer is required.

120.    Paragraph 120 relates to a claim dismissed by the Court. *See id*. As such, no answer is required.

121.    Paragraph 121 relates to a claim dismissed by the Court. *See id*. As such, no answer is required.

122.    Paragraph 122 relates to a claim dismissed by the Court. *See id*. As such, no answer is required.

123.    Paragraph 123 relates to a claim dismissed by the Court. *See id*. As such, no answer is required.

## CLAIM FOUR – GROSS NEGLIGENCE

124.    Paragraph 124 incorporates by reference all preceding allegations in North Dakota's complaint. It is therefore not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States reasserts its answers to all preceding paragraphs.

125.    Paragraph 125 consists of legal conclusions that are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in Paragraph 125.

126.    Paragraph 126 contains legal conclusions that an unstated number of unidentified third parties at unspecified times were "trespassers" who violated "federal law," as well as a legal conclusion that USACE recklessly breached its "mandatory duty … under the regulations and Implementing Guidance." These legal conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct at unspecified times in Paragraph 126. The United States denies that USACE had or breached any "mandatory duty … under the regulations and Implementing Guidance." The United States denies the remaining allegations in Paragraph 126.

127.    Paragraph 127 contains legal conclusions that an unstated number of unidentified third parties at unspecified times were "trespassers" who engaged in an "unlawful occupation" and "unlawful conduct" from "unlawful encampments." These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct at unspecified times in Paragraph 127. The United States denies the remaining allegations in Paragraph 127.

128.    Paragraph 128 contains a legal conclusion that USACE "fail[ed] to fulfill its duties under the law," which is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is

required, the United States denies that USACE failed to fulfill its duties under the law. The United

States denies the remaining allegations in Paragraph 128.

### CLAIM FIVE – CIVIL TRESPASS

129.    Paragraph 129 incorporates by reference all preceding allegations in North

Dakota's complaint. It is therefore not an "allegation[ ] asserted against [a defendant] by an

opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the

extent a response is required, the United States reasserts its answers to all preceding paragraphs.

130.    Paragraph 130 consists of legal conclusions that are not "allegations asserted

against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R.

Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies the allegations in

Paragraph 130.

131.    Paragraph 131 contains legal conclusions that USACE "failed to fulfill its

mandatory duty under regulations requiring a permit for the protest activities occurring after

August 2016," and that USACE "announced an unlawful . . . 'free speech zone.'" These legal

conclusions are not "allegations asserted against [a defendant] by an opposing party" to which an

admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required,

the United States denies that USACE "failed to fulfill its mandatory duty under regulations

requiring a permit for the protest activities occurring after August 2016," and that USACE

"announced an unlawful . . . 'free speech zone.'" The United States denies the remaining

allegations in Paragraph 131.

132.    Paragraph 132 contains legal conclusions that an unstated number of unidentified

third parties at unspecified times were "trespassers" who engaged in an "illegal conduct," and that

USACE "establish[ed] an unlawful 'free speech zone.'" These legal conclusions regarding the conduct of third parties are not "allegations asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legality of an unstated number of unidentified third parties' conduct at unspecified times in Paragraph 132. The United States denies that USACE "establish[ed] an unlawful 'free speech zone.'" The United States denies the remaining allegations in Paragraph 132.

133.    Paragraph 133 contains a legal conclusion that USACE "fail[ed] to fulfill its duties under the law," which is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies that USACE failed to fulfill its duties under the law. The United States denies the remaining allegations in Paragraph 133.

## CONCLUSION

The concluding paragraph of the complaint consists of a request that the Court find the United States liable and grant North Dakota's requested relief. This is not an "allegation[ ] asserted against [a defendant] by an opposing party" to which an admission or denial is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the United States denies it is liable to North Dakota. The United States further denies that North Dakota is entitled to the requested relief or any other relief.

The United States otherwise denies any allegation in the complaint that the United States has not specifically admitted.

WHEREFORE, having fully answered the complaint, the United States respectfully requests that Court enter judgment in favor of the United States and against North Dakota, dismiss this action in its entirety with prejudice, award the United States its costs, and grant any other relief the Court deems just and proper.

### DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1), and 12(b), the United States states the following defenses and affirmative defenses to the claims for relief asserted in the complaint:

1.      Because North Dakota's claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or federal employee, the United States is immune from liability and the Court lacks subject-matter jurisdiction over North Dakota's claims. 28 U.S.C. § 2680(a).

2.      North Dakota's claims fall outside the scope of the FTCA's waiver of sovereign immunity. 28 U.S.C. § 1346(b)(1).

3.      To the extent a private person would not be liable to North Dakota under North Dakota laws for the conduct alleged, no private analogue exists, and the FTCA does not waive sovereign immunity. 28 U.S.C. § 1346(b)(1).

4.      North Dakota's public nuisance, negligence, and gross negligence claims fail because North Dakota does not identify an actionable duty under North Dakota law as required for these claims to be cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

5.      To the extent North Dakota's public nuisance claim is not premised on negligent conduct, it is not cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

6.      North Dakota's civil trespass claim fails because North Dakota cannot establish that the United States, through its employees, intentionally caused protestors to trespass on state property.

7.      The complaint fails to state any claim upon which relief can be granted.

8.      The United States, through its employees, did not owe a legal duty to North Dakota.

9.      The United States, through its employees, did not breach any duty of care owed to North Dakota.

10.     At all times relevant to North Dakota's claims against the United States, the United States' employees exercised due care in carrying out their functions and duties.

11.     The actions or omissions of the United States' employees were not the proximate cause of North Dakota's injuries, if any.

12.     The sole proximate cause of the injuries of which North Dakota complains was an act or acts of North Dakota or third parties over whom the United States has no control, and therefore the United States is not liable for those injuries.

13.     North Dakota's harms were not foreseeable to the United States, and no act or omission of the United States was a substantial factor in North Dakota's injuries, if any.

14.     The United States is not liable for the actions of its contractors.

15.     In the event the United States is found to be negligent, the superseding and intervening acts of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and North Dakota's alleged injuries, cutting off the legal effect of the United States' negligence.

16.     In the event the United States is found to be negligent, the negligence of North Dakota was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby mandating that any recovery be proportionately reduced.

17.     In the event the United States is found to be negligent, the negligence of third parties was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby mandating that any recovery be proportionately reduced.

18.     North Dakota's recovery of damages, if any, is limited by applicable federal and state law.

19.     North Dakota's assumption of risk bars any recovery.

20.     North Dakota has failed to mitigate damages, if any.

21.     North Dakota's damages claims for recovery of emergency response costs are not claims for injury or loss of property cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

22.     North Dakota's recovery, if any, is limited in scope to the basis of liability alleged in North Dakota's administrative claim and to the monetary amount stated in that administrative claim. 28 U.S.C. § 2675(a)-(b).

23.     The United States is not liable for punitive or exemplary damages. 28 U.S.C. § 2674.

24.     North Dakota is not entitled to a separate award of attorney's fees, as such fees must be taken out of North Dakota's recovery, if any. 28 U.S.C. § 2678.

25.     North Dakota is proscribed from recovering pre-judgment interest against the United States. 28 U.S.C. § 2674.

26.     To the extent the Court enters a money judgment against the United States, North Dakota is entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

27.     North Dakota is not entitled to a jury trial against the United States.

28.     The United States reserves the right to assert such additional or different defenses as they may become known to it through disclosures, discovery, or further investigation.


Dated: October 19, 2020                Respectfully Submitted,

                                       JASON R. DUNN
                                       United States Attorney
                                       District of Colorado

                                       /s/ Jane E. Bobet
                                       Jane E. Bobet
                                       Special Attorney to the United States Attorney General
                                       United States Attorney's Office for the District of Colorado
                                       1801 California Street, Suite 1600
                                       Denver, Colorado 80202
                                       Telephone: (303) 454-0100
                                       Fax: (303) 454-0407
                                       jane.bobet@usdoj.gov

                                       V. William Scarpato III
                                       Special Attorney to the United States Attorney General
                                       United States Attorney's Office for the District of Colorado
                                       1801 California Street, Suite 1600
                                       Denver, Colorado 80202
                                       Telephone: (303) 454-0100
                                       Fax: (303) 454-0407
                                       victor.scarpato@usdoj.gov

                                       COUNSEL FOR DEFENDANT
                                       UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

*s/ Jane E. Bobet*
Jane E. Bobet