# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of North Dakota, ) | |
| ) | Case No. 1:19-cv-150 |
| Plaintiff, ) | |
| ) | **ORDER FOLLOWING** |
| vs. ) | **DECEMBER 1, 2023** |
| ) | **PRETRIAL CONFERENCE** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

At the request of the parties, the court held an early pretrial conference on December 1, 2023. Counsel for the State of North Dakota, Paul M. Seby and Paul Brown Kerlin, were present as were counsel for the United States, Victor William (Bill) Scarpato III and Jane Bobet Rejko. Other counsel for the United States, Timothy Jafek, Alexandra Berger, Kevin Traskos, attended via telephone.

Based on discussions during that conference, the court orders the following:

1. **Trial Schedule**

A bench trial will begin on February 15, 2024, and continue through February 29, 2024. Trial will not be held on March 1, 2024, but will recommence on March 4, 2024, if necessary. Counsel estimate total trial length of twelve to thirteen days.

Trial hours will generally be from 9:00 a.m. to 5:00 p.m., with a break of 60 to 90 minutes around the lunch hour and breaks of approximately fifteen minutes each morning and each afternoon.

Each party will be allowed to present an oral opening statement. The court will not set a time limit for opening statements but will expect both parties to use their time, and the court's time, efficiently.

Plaintiff expects to have four persons at counsel table and ten to fifteen others assisting in the courtroom. Defendant expects to have three or four persons at counsel table and eight others assisting in the courtroom. The Clerk's Office staff will attempt to arrange courtroom furniture to accommodate counsel and those assisting them.

The parties may file trial briefs of **up to ten pages** by **February 1, 2024**.

**2.    Trial Witnesses**

Plaintiff estimates calling up to 28 witnesses, including those whose testimony will be presented via deposition. Defendant estimates calling 25 to 30 witnesses, including those whose testimony will be presented via deposition. During the December 1 conference, the parties were not able to advise the court whether any witnesses are common to both parties' estimates of number of expected witnesses.

The parties agree that, to the greatest extent possible, witnesses who appear on both parties' lists will be called only once, though the United States will reserve the right to recall a witness during presentation of its case-in-chief if that becomes necessary.

The parties agree witnesses, other than designated party representatives and experts, will be sequestered.

The parties agree that when a party calls a witness who is an official, or former official, of the opposing party, who is not also called by the opposing party, the party calling the witness may treat the official or former official as an adverse witness under Federal Rule of Evidence 611(c).

At this time, the court will not set time limits for testimony but may do so during the course of trial if the court determines that to be necessary.

By **January 5, 2024**, the parties will exchange witness lists which include (1) anticipated order of proof, (2) means of testifying (whether live, via deposition, or via videoconference), and (3) estimated times for direct, cross, and redirect examination. The parties will exchange any objections to those lists no later than **January 19, 2024**. The parties agree that limited changes or additions to the witness lists may be necessary after January 5, 2024. The parties agree to provide each other with as much advance notice as possible of opposing-party officials or former officials they intend to call at trial. The parties will submit their witness lists to the court at NDD_J-Senechal@ndd.uscourts.gov no later than **January 26, 2024**. As described in the Order for Pretrial Conference, (Doc. 285), the witness lists submitted to the court must indicate whether each witness "will be" called or "may be" called.

In the event a witness is not able to be present to testify in person, the parties will promptly advise the court of a request for remote presentation of the witness' testimony and will cooperate in making any necessary adjustments to the testimony schedule. Prior to any remote testimony, the party offering that testimony must arrange with court staff for a test of the remote connection. The court reminds the parties that the location from which any witness testifies remotely should be in accordance with expected courtroom decorum.

Plaintiff anticipates presenting approximately ten to thirteen witness' testimony via video deposition, and defendant anticipates presenting approximately five to six witness' testimony via video deposition. Video depositions are to be played in open court and transcripts of any depositions played at trial must be filed with the court. The parties will exchange deposition designations no later than **January 16, 2024**, though the parties agree limited additional designations may be necessary after that date. Any

objections to any deposition designations and designations of portions of deposition testimony in addition to those made by the offering party will be exchanged no later than **January 30, 2024**. Any objections to admissibility of deposition testimony to be offered at trial will be filed with the court no later than **February 2, 2024**.

3.     **Expert Witnesses**

Any motions pursuant to Federal Rule of Evidence 702 must be filed no later than **January 12, 2024**. Any responses to those motions must be filed no later than **January 26, 2024**. Any replies must be filed no later than **February 2, 2024**.

The United States proposes that expert reports be proffered as evidence of the expert's opinions, with direct examination of experts directed only at matters in the reports the offering party might wish to highlight. North Dakota asserts expert reports should be offered into evidence only after elements of Rule 702 have been established.

Any expert reports not submitted in connection with Rule 702 motions should be sent to NDD_J-Traynor@ndd.uscourts.gov no later than **February 8, 2024.**

4.     **Exhibits**

By **January 5, 2024**, the parties will exchange exhibit lists. The parties will exchange any objections to those lists no later than **January 19, 2024**. The parties agree that limited changes or additions to the exhibit lists may be necessary after January 5, 2024. The parties will submit their exhibit lists to the court at NDD_J-Senechal@ndd.uscourts.gov no later than **January 26, 2024**, including indication as to whether each exhibit "will be" offered or "may be" offered.

In addition to the exhibits submitted for inclusion in the court record, the parties shall provide copies of their exhibits, appropriately labeled and in binders, for the trial judge.

The parties shall prepare a list of exhibits as to which they stipulate to admissibility and shall identify those exhibits as Joint Exhibits, with numbering beginning with Exhibit 1. The court will receive Joint Exhibits at the beginning of trial, rather than receiving them individually during the course of trial.

In addition to the list of Joint Exhibits, the parties shall each prepare separate lists of exhibits they expect to offer at trial. Plaintiff's exhibits shall be numbered beginning with Exhibit 1000. Defendant's exhibits shall be number beginning with Exhibit 2000.

The parties agree that any demonstrative exhibits that may be used at trial will be disclosed to the opposing party no later than two hours after the end of trial on the day preceding planned use of the demonstrative exhibit, though the parties recognize that minor changes (such as changes in font size) may be made after that deadline.

Unless otherwise directed by the trial judge at the conclusion of trial, demonstrative exhibits are to be left with the court at least until the trial judge files a post-trial order.

5. **Motions in Limine**

Any motions in limine are to be filed in accordance with the Order for Final Pretrial Conference and Order Setting Trial Preparation Deadlines. (See Doc. 285).

6. **Closing Arguments**

Proposed findings of fact and written closing arguments are to be filed 60 to 90 days (as may be ordered at the conclusion of trial) after filing of the complete trial transcript. Citations to the trial transcript must be included.

7. **Court Staff Contact**

The trial courtroom will be made available for counsel's requested opportunity to test courtroom equipment in advance of trial.

Questions regarding matters addressed in this order may be directed to NDD_J-Senechal@ndd.uscourts.gov. Other questions may be directed to the courtroom deputy, Roxanne Muffenbier, or to the court's IT staff at 701-530-2300.

8. **November 2, 2022 Order**

To the extent any part of this order is inconsistent with the November 2, 2022 Order for Pretrial Conference and Order Setting Trial Preparation Deadlines, (Doc. 285), this order controls.

**IT IS SO ORDERED**.

Dated this 6th day of December, 2023.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge